UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>　　　　　Defendant. | Case No.  2:23-cv-02000-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING AN OPPORTUNITY TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2 |

　　　　Plaintiff, an inmate at the Sacramento County Jail, alleges that various unnamed officers ignored injuries to his hand and back, thereby violating his Fourteenth Amendment rights. ECF No. 1 at 3-5. As explained below, the complaint fails to name a viable defendant. I will give plaintiff leave to amend and will also grant his application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If te allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that sheriff's officers at the Sacramento County Jail ignored injuries to his hand and back and allowed them to worsen. ECF No. 1 at 3-5. Though such claims are, substantively, viable under the Fourteenth Amendment, plaintiff cannot proceed with this case until he identifies at least one viable defendant. Currently, he has sued only the Sacramento County Jail; this is not a sufficient way of bringing a claim against Sacramento County, assuming plaintiff wishes to do so.[1] *See, e.g.*, *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted). Plaintiff may pursue claims against any of the unnamed deputies who allegedly ignored or aggravated his injuries, but he must name at least one of them first. Doe defendants cannot be served until they are identified. I grant him leave to amend to remedy this deficiency.

Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

---

[1] If plaintiff does wish to sue Sacramento County, he must also allege that his injury was caused by some policy, official or unofficial, of the county. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

IT IS SO ORDERED.

Dated:    November 29, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE