|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LARRY JAMES BROOKSHIRE, | Case No. 2:23-cv-02000-JDP (PC) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH THE CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR FILE ANOTHER AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR COURT ORDER |
| SACRAMENTO COUNTY MAIN JAIL, *et al.*, |  |
| Defendants. |  |
|  | ECF Nos. 7 & 8 |
|  | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff, an inmate at the Sacramento County Jail, alleges that defendants violated his Fourteenth Amendment rights by failing to provide him with adequate medical care. ECF No. 7 at 3-9. After reviewing the complaint, I find that it states viable claims against defendants Jason Carver and Montano. It fails to state a viable claim against any other defendant. Plaintiff may either proceed only with his claims against Carver and Montano, or he may delay serving any defendant and amend his complaint again. Additionally, I will deny plaintiff's motion for court order, ECF No. 8, for the reasons explained below.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he arrived at the Sacramento County Jail in May 2023 after undergoing a procedure at the Mercy San Juan Hospital. ECF No. 7 at 3. He claims that defendants Carver and Montano were responsible for transporting him and, in doing so, used

1  restraints that exacerbated known injuries to his wrist and back. *Id.* Plaintiff has checked the

2  form box characterizing these allegations as excessive force, *id.*, but they can also be

3  characterized as denial of adequate medical care. Regardless, they fall under the Fourteenth

4  Amendment insofar as plaintiff appears to be a pre-trial detainee. *See Pierce v. Cnty. of Orange*,

5  526 F.3d 1190, 1205 (9th Cir. 2008). These allegations are, for screening purposes, cognizable.

6      Plaintiff's other claims fare less well. His other claims implicate an uncertain number of

7  unidentified deputies and medical staff and allege that these individuals ignored his medical

8  complaints. Given the uncertainty as to how many of these defendants are at issue and the fact

9  that none have been mentioned in the caption, I conclude that none should be considered for

10 service. Additionally, there is no apparent connection between these other, generalized claims for

11 denial of care and the more specific claims against Carver and Montano. The only other

12 defendants explicitly named are Sacramento County and "Adult Correctional Health"—an entity

13 that may be responsible for medical care at the Sacramento County Jail. As to the county, there is

14 no allegation that any policy or custom was responsible for the violation of plaintiff's rights.

15 And, as best I can tell, there is no allegation as to how Adult Correctional Health was involved in

16 violating plaintiff's rights.

17     Plaintiff may proceed with the claims and defendants identified as viable in this order. Or

18 he may delay serving any defendant and file another amended complaint. He is advised that the

19 amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d

20 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second

21 Amended Complaint" and refer to the appropriate case number.

22     Plaintiff has also filed a motion for court order that addresses alleged errors in the

23 withdrawal of funds from his jail account. ECF No. 8. He claims that Sacramento County Jail

24 has withdrawn funds at an incorrect rate and amount. *Id.* at 1-2. These allegations lie outside the

25 scope of this complaint, and I decline to enter an order affecting the Sacramento County Jail's

26 internal operations. Plaintiff may, if he believes his rights are being violated, file another

27 complaint.

28

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the Fourteenth Amendment claims deemed cognizable in this order or he may delay serving any defendant and file another amended complaint. If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. Plaintiff's motion for court order, ECF No. 8, is denied.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE