UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL,<br><br>        Defendant. | Case No. 2:23-cv-02000-JDP (PC)<br><br>**ORDER**:<br><br>(1) FINDING THAT THE SECOND AMENDED COMPLAINT STATES COGNIZABLE FOURTEENTH AMENDMENT EXCESSIVE FORCE, CLAIMS AGAINST DEFENDANTS CARVER AND MONTANO, BUT NO OTHER VIABLE CLAIMS<br><br>(2) DIRECTING PLAINTIFF TO INDICATE WHETHER HE WISHES TO PROCEED WITH CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR DELAY SERVICE AND FILE ANOTHER AMENDED COMPLAINT<br><br>ECF No. 10 |

      Plaintiff, an inmate in the Sacramento County Jail, alleges that defendants violated his Fourteenth Amendment rights by using excessive force against him and by failing to provide him with adequate medical care. ECF No. 10. Plaintiff's excessive force claims against defendants Carver and Montano are suitable to proceed. By contrast, his medical care claims are non-cognizable as currently articulated. For the reasons stated below, plaintiff must decide whether to proceed with the claims deemed cognizable or delay serving any defendant and file another amended complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on May 31, 2023, defendants Jason Carver and Gabriel Montano, both deputies, transported him to the Sacramento County Jail from Mercy San Juan Hospital.

ECF No. 10 at 3. He claims that, despite knowing that he had suffered injuries to his left hand and back, these defendants forced him to sit in an uncomfortable position for an extended period. *Id.* These allegations are sufficient to state a Fourteenth Amendment excessive force claim against both defendants.

By contrast, plaintiff's allegations that, once he was booked into the jail, medical staff failed to adequately treat his hand and back injuries, are non-cognizable. At a fundamental level, plaintiff has failed to identify any medical staff that allegedly failed to provide him with adequate treatment. Instead, he has named Adult Correctional Health as the only defendant to these claims. And, to bring a claim against this entity, assuming for the purposes of this order that it is a state actor, plaintiff must allege that some policy or custom of the corporation was the motivating factor behind the violation of his rights. *See Carrea v. California*, NO. EDCV 07-1148-CAS (MAN), 2008 U.S. Dist. LEXIS 74772, *27-28 (C.D. Cal. Aug. 26, 2008) (concluding that a private corporation that is a state actor is subject to the same municipal liability analysis set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). It is not enough, as plaintiff appears to allege here, that employees of this corporation violated his rights; instead he must allege that some policy or custom of the corporation caused his inadequate care. At best, plaintiff intimates that the "kite" system for requesting medical care did not result in timely treatment, but the complaint fails to explain whether that was a failure of policy or of the individual personnel at the jail. He should address this issue if he wishes to pursue a claim against this defendant. Alternatively, plaintiff may name the individual providers who failed to give him constitutionally adequate care.

Plaintiff shall, within thirty days of this order's entry, either indicate in writing that he intends to proceed only with this excessive force claims, or submit another amended complaint. He is advised that if he selects the latter option, the new amended complaint must be complete in itself and that it will entirely supersede his current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). It should be titled "Third Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing

of his intention to proceed with the claims deemed cognizable in the current complaint, or he shall file another amended complaint.

    2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   July 23, 2024                                                    
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE