UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>   Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY MAIN JAIL, *et al.*,<br><br>   Defendants. | Case No.  2:23-cv-2000-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate at the Sacramento County Jail, alleges that defendants violated his Fourteenth Amendment rights by using excessive force against him and failing to provide him with adequate medical care. ECF No. 12 at 5, 6-8. After reviewing the third amended complaint, I find that the excessive force claims against defendants Jason Carver and Gabriel Montano are cognizable and should proceed. I find that the complaint fails to state a viable claim against any other defendant. I will direct plaintiff to submit service documents for Carver and Montano and recommend that his other claims be dismissed for failure to state a viable claim.

**Screening Order**

**I.   Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that on May 31, 2023, he arrived at the Sacramento County Jail after undergoing a procedure at the Mercy San Juan Hospital. ECF No. 12 at 5. He claims that defendants Carver and Montano were responsible for transporting him and, in doing so, used restraints that exacerbated known injuries to his wrist and back. *Id.* Plaintiff has checked the form box characterizing these allegations as excessive force, *id.*, but they can also be characterized as denial of adequate medical care. Regardless, plaintiff's allegations fall under the Fourteenth Amendment insofar as he appears to be a pre-trial detainee. *See Pierce v. Cnty. of*

2

1 *Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).  These allegations are, for screening purposes,
2 cognizable and should proceed.

3     Plaintiff's other claims should be dismissed.  He alleges that a number of unidentified
4 deputies and medical staff at the Sacramento County Jail ignored his medical complaints in
5 violation of policy.  ECF No. 12 at 6-8.  Even assuming this claim is sufficiently related to the
6 allegations against Carver and Montano to proceed in the same suit, plaintiff has failed to identify
7 any individual members of the jail medical staff who violated his rights.  Instead, he has sued
8 Sacramento County, the jail itself, and Adult Correctional Health.  There is no allegation that any
9 policy or custom implemented by these entities was responsible for the violation of plaintiff's
10 rights.  Instead, plaintiff alleges that staff failed to give him timely medical care and ignored signs
11 that his wounds were infected.  *Id.* at 7-8.  Again, however, none of the offending staff members
12 are identified.

13     This case has been pending at the screening stage for more than a year, and this is
14 plaintiff's third amended complaint.  I find that further opportunities to amend are unwarranted.
15 Plaintiff shall submit service documents for his Fourteenth Amendment claims against Carver and
16 Montano.  His other claims should be dismissed.

17     Accordingly, it is ORDERED that:

18     1.    Plaintiff may proceed with the Fourteenth Amendment claims against Carver and
19 Montano deemed cognizable in this order.

20     2.    The clerk of court shall send plaintiff a USM-285 forms, a summons, a Notice of
21 Submission of Documents form, an instruction sheet, and a copy of the complaint filed August
22 14, 2024, ECF No. 12.

23     3.    Within thirty days from the date of this order, plaintiff shall complete the attached
24 Notice of Submission of Documents and submit the completed Notice to the court with the
25 following documents:

26     a.    one completed summons for the defendants;
27     b.    two completed USM-285 forms; and
28     c.    three copies of the signed August 14, 2024 complaint.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

5. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

6. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's claims against defendants Sacramento County, Sacramento County Jail, and Adult Correctional Health be dismissed for the reasons stated in the above findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES BROOKSHIRE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY MAIN JAIL, *et al.*,<br><br>　　　　Defendants. | Case No.  2:24-cv-2000-JDP (P)<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff must submit:

　　　　__1__　　completed summons form

　　　　__2__　　completed forms USM-285

　　　　__3__　　copies of the August 14, 2024 complaint

　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

5